UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
THOMAS E. PEREZ, Secretary of Labor,   *
 United States Department of Labor,    *
                *
    Plaintiff,       * CIVIL ACTION FILE NO.
                *  3:14-cv-826
FLETCHER-THOMPSON, INC.,    *
                *
    and         *
                *
MICHAEL S. MARCINEK,     *
 In their capacities as fiduciaries of the  *
 Fletcher-Thompson, Inc. Savings Plan,  *
                *
    DefendantS.      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Thomas E. Perez, Secretary of the United States Department of Labor, hereby alleges:

(1)  This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., and is brought to obtain appropriate relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other equitable relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

(2)  The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3)     Venue of this action lies in the District of Connecticut pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4)     During the pertinent period January 1, 2008 to the present ("pertinent period"), Fletcher-Thompson, Inc. ("the company") had been an employer, within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and had been a corporation having an office and place of business at 855 Main Street, Suite 800, Bridgeport, Connecticut within the jurisdiction of this Court.

(5)     In 1984, the company established the Fletcher-Thompson, Inc. Savings Plan ("the Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and which is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).  The Plan was restated January 1, 2009.

(6)     The purpose of the Plan was, and is, to provide retirement benefits for the exclusive benefit of its participants, employees of the company and their beneficiaries.

(7)     According to the Plan documents, the Plan was, and is, to be an elective wage deferral plan whereby employee contributions would be deducted from the employee's salary and remitted for investment in accordance with each employee participant's election.   The withheld contributions on behalf of each Plan participant during the pertinent period became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

(8)     The company was, and is, the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and acted as Plan Administrator for the Plan during the pertinent period and, as such, was, and is, a fiduciary with respect to the Plan

within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  Furthermore, at all times relevant hereto, the company was a party in interest within the meaning of ERISA § 3(14)(A), (C) and (G),  29 U.S.C. § 1002(14)(A), (C) and (G).

(9)     During the pertinent period, Defendant Michael S. Marcinek ("Marcinek") was, and is, a named Trustee of the Plan and, at all times material hereto, exercised authority or control respecting management or disposition of assets of the Plan.  As such, Marcinek was, and is, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  Furthermore, during the pertinent period, Defendant Marcinek was, and is, a party in interest with respect to the Plan within the meaning of ERISA  §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A)(E) and (H).   Defendant Marcinek resides at within the jurisdiction of this Court.

(10)    During the pertinent period, the company has been delinquent in remitting withheld employee contributions and participant loan repayments to the Plan, resulting in lost opportunity costs of $23,401.97.  In addition, during the pertinent period, the company has failed to remit withheld employee contributions and loan repayments totaling $462,158.80.  As a result, a total of $485,560.77 is due and owing to the Plan.

(11)    During the pertinent period, Defendants were, and are, responsible for receiving and collecting any and all monies and other property due to the Plan, including contributions, and for properly managing the assets of the Plan, including the withheld employee contributions.

(12)    During the pertinent period, Defendants failed to take appropriate measures to receive and collect any and all employee contributions due to the Plan, and to

ensure that the withheld employee contributions, as assets of the Plan, were properly forwarded to the Plan account.

(13 )    As a result of the conduct set forth at paragraphs 10-12, Defendants failed to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries, and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 104(a)(1)(A).

(14 )    As a result of the conduct set forth at paragraphs 10-12, Defendants failed to discharge their fiduciary duties with care, skill, prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(15)    As a result of the conduct set forth at paragraphs 10-12, Defendants engaged in prohibited transactions by causing or permitting the Plan to engage in transactions constituting a direct or indirect transfer to or use of plan assets for the benefit of the company, a party in interest with respect to the Plan, in violation of ERISA §406(a)(1)(D),  29 U.S.C. § 1106(a)(1)(D).

(16)    As a result of the conduct set forth at paragraphs 10-12, Defendants engaged in prohibited transactions by dealing with the assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1),  29 U.S.C. § 1106(b)(1).

(17)    As a result of the conduct set forth at paragraphs 10-12, Defendants breached their fiduciary responsibilities to the Plan by acting in their individual and corporate capacities where those interests were adverse to the interests of the Plan's participants and beneficiaries, by, among other things, using assets of the Plan to benefit

the company rather than the participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. §1106(b)(2).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1)  Permanently enjoining Defendants from violating, or knowingly participating in violations of, the provisions of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

(2)  Permanently enjoining Defendant Marcinek from serving as a fiduciary to any other future employee benefit plan covered by ERISA;

(3)  Requiring Defendant Marcinek to undo the prohibited transactions in which he engaged and to restore to the Plan any and all losses incurred as a result of breaches of his fiduciary duties and violations he committed or for which he is liable, with appropriate interest;

(4)  Appointing an Independent Fiduciary to the Plan;

(5)  Offsetting Defendant Marcinek's Plan account to make whole the accounts of the non-fiduciary Plan participants due and owing unremitted and/or delinquent deferred contributions;

(6)  Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

<table>
<tr><td>Deirdre M. Daly, Acting U.S. Attorney<br>District of Connecticut<br>Connecticut Financial Center<br>157 Church St., 25th Floor<br>New Haven, CT  06510<br>(203) 773-5376</td><td>M. Patricia Smith<br>Solicitor of Labor<br><br>Michael D. Felsen<br>Regional Solicitor<br><br>*/s/ Gail E. Glick*<br><br>Gail E. Glick<br>Attorney</td></tr>
</table>

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203

TEL: (617) 565-2500
FAX: (617) 565-2142

DATE:  June 9, 2014